IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | No. CR-13-61-C |
| | ) | |
| STEVEN MICAH SHANE, | ) | |
| | ) | |
| Defendant | ) | |

MEMORANDUM OPINION AND ORDER

Defendant filed a pro se Motion pursuant to 28 U.S.C. § 2255 to seek relief from his sentence of imprisonment. The Court appointed counsel to assist Defendant and counsel has filed a supplement to Defendant's Motion, as well as a Reply to Plaintiff's Response.

Defendant was charged in a four-count Indictment alleging two counts of possession with intent to distribute methamphetamine and two firearm related counts. Defendant entered a plea of guilty a Superceding Indictment which charged one count of possession with intent to distribute methamphetamine and one count of possession of a firearm after conviction of a felony. In preparation for sentencing, a Pre-Sentence Report was prepared which concluded Defendant was a Career Offender under USSG 4B1.1 as to Count 1 and subject to the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii) ("ACCA"), on the firearm count. Defendant was sentenced to 200 months on each count to run concurrently.

Relying on Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551 (2015), and United States v. Madrid, 805 F.3d 1204, 1210-11 (10th Cir. 2015), Defendant argues that his sentence was calculated, in part, on a now-invalid basis. In Johnson, the Supreme Court held

the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924, was unconstitutionally vague. In <u>Madrid</u>, the Tenth Circuit applied the Supreme Court's reasoning in holding the residual clause of § 4B1.1 to likewise be unconstitutionally vague. Defendant asserts that when sentencing him and applying both the ACCA and § 4B1.1, the Court applied sentencing enhancements that have now been invalidated and that he should be resentenced.

Defendant's argument is correct to a point. Clearly, the residual clause of the ACCA has been invalidated. However, even were the Court to set aside that portion of Defendant's sentence, the enhancement pursuant to § 4B1.1 would still apply. Although the Tenth Circuit has invalidated the residual clause of § 4B1.1, neither the Tenth Circuit nor the Supreme Court has held that the decision in <u>Madrid</u> applies retroactively. While Defendant argues that it is clear that this rule should apply retroactively, the Court finds otherwise. First, the Supreme Court has agreed to consider the issue in <u>Beckles v. United States</u>, ___ U.S. ___, 136 S.Ct. 2510 (2016). Second, the Tenth Circuit has held a case challenging application of the residual clause of § 4B1.1 in abeyance pending the Supreme Court's decision in <u>Beckles</u>. <u>See</u> <u>United States v. Rollins</u>, Case No. 15-1459 (10th Cir. July 5, 2016). In light of these decisions, the Court finds that holding this matter in abeyance pending the Supreme Court's decision in <u>Beckles</u> is the appropriate course of action.

For the reasons set forth herein, this matter is stayed pending a decision by the Supreme Court in <u>Beckles</u>. The parties are directed to notify the Court within ten days of the Supreme Court's decision in <u>Beckles</u> and advise the Court if any additional briefing is necessary for final disposition of Defendant's claim.

IT IS SO ORDERED this 18th day of October, 2016.

ROBIN J. CAUTHRON
United States District Judge